UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHARLES A. ARAGON, et al.,**

    Plaintiff,

    v.                                    CIV. NO. 11-147 RB/ACT

**SANDIA CORPORATION PENSION
SECURITY PLAN,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Permit Limited Discovery filed June 30, 2011 [Doc. 18]. Plaintiffs are seeking limited discovery on the "seriousness of [Defendant's] inherent dual role conflict of interest since the Plan is funded and administrated by Sandia Corporation and its agents." *Id*. Defendant's filed a response on July 18, 2011 [Doc. 20] and Plaintiffs filed a reply on August 5, 2011 [Doc. 21]. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Plaintiffs' Motion is not well taken and will be denied.

Background.

This case arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 20 U.S.C. §§ 1101 *et seq*. and involves Plaintiffs' claim for clarifying, declaring, and enforcing future pension benefits. Plaintiffs claim that, under the terms of the Sandia Corporation Pension Security Plan ("Plan"), the amount of time in which they were employed under the job title of Non-

Regular Recurrent Security Inspectors ("NRRSI") should be credited toward their pension benefit. Defendant asserts that Plaintiffs' claims were given a thorough and fair review by the Employee Benefits Committee ("EBC") and the Employee Benefits Claim Review Committee ("EBCEC"). Defendant further asserts that the decisions to deny Plaintiffs' claim for increased pension benefits were correct under the terms of the Plan.

Legal Standard.

When courts review the denial of benefits under an ERISA plan giving the administrator discretion, the very deferential "abuse of discretion" standard of review generally applies. *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008). In *Metropolitan Life Ins. Co. v. Glenn*, the Supreme Court held that this deferential review standard applies even when a conflict of interest potentially affects the benefits decision. This conflict arises when "a plan administrator both evaluates claims for benefits and pays benefits claims." *Id*. at 112. In spite of the deferential review standard that may apply if a conflicted administrator has discretion, the Court said "the reviewing judge [is required] to take account of the conflict when determining whether the [plan administrator], substantively or procedurally, has abused his discretion." *Id*. at 115. After the decision in *Metropolitan Life Ins. Co. v. Glenn*, the courts must determine what, if any discovery is appropriate to enable a judge to "take account of the conflict."

Discussion.

Plaintiff asserts that the Tenth Circuit opinion in *Murphy v. Deloitte & Touche Group Insurance Plan*, 619 F.3d 1151 (10th Cir. 2010) governs whether limited discovery should be permitted. Defendant asserts that *Murphy* is distinguishable and thus Plaintiffs are not entitled to discovery.

In *Murphy*, Plaintiff was seeking long term disability benefits from an ERISA plan both insured and administered by Metropolitan Life Insurance Company.  *Murphy*, 619 F.3d at 1154. The Tenth Circuit opinion in *Murphy* provides guidance to the court regarding discovery in ERISA cases when an inherent dual-role conflict of interest exists because a single entity insures and administers a benefit plan.  *Id.*  In cases where a dual-role conflict of interest is alleged, some discovery may be needed for both sides to have necessary evidence of the seriousness of the conflict. If an administrator operates under a dual-role conflict of interest, the district court must always weight the conflict of interest in its abuse of discretion analysis and allocate the conflict more or less weight depending on its seriousness.  Without discovery, a claimant may not have access to the information necessary to establish the seriousness of the conflict.  *Id*. at 1157-58.

Defendant relies on a Tenth Circuit case, *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452 (10th Cir. 1991), to demonstrate that *Murphy* is distinguishable.  In *Woolsey*, Plaintiff was challenging the decision, by administrators of his employer's profit sharing plan, denying his request to receive one-half of his benefit in employer's stock, rather than cash.  In ruling on the merits of plaintiff's claim, the Court in *Woolsey* found that:

> ...the fact that an Administrator serves dual-roles as company employee and as a pension plan fiduciary does not conclusively or presumptively establish that the administrators of the plan have acted arbitrarily and capriciously.  (citations omitted.)

> ...while [defendant] makes contribution to the Plan's fund, the Plan has a nonreversion clause stating that 'the Company shall not have any right title, or interest in the contributions made by it under the Plan and no part of the Trust Fund shall revert to it or for its benefit.'

*Id*. at 1459.  The Court found that the denial of plaintiff's claim "benefits only future beneficiaries." *Id*. (The Administrators' choice of payment, therefore, reflects proper fiduciary concern for the interests of future participants, rather than a conflict of interest with [defendant]. (citation omitted.)). Thus, the Court found there was no dual-role conflict.  *Id*. at 1460.

Two district courts within the Tenth Circuit have addressed the issue of discovery when the issue is a pension dispute following the *Murphy* decision, *Jaremko v. ERISA Administrative Committee*, 2011 WL 42881 (D. Kan. 2011) and *Hurley v. Dyno Nobel, Inc.*, 2011 WL 587591 (D. Utah. 2011). In both cases, the courts denied discovery.

In *Jaremko*, the Court relied on *Woolsey* and explained why the *Murphy* case was different.

> *Murphy* differs from the present case because in *Murphy*, the dual-role conflict of interest was apparent. A dual-role conflict of interest exists when an employer (or an insurer) both evaluates claims and pays benefits because 'every dollar provided in benefits is a dollar spent by...the employer; and every dollar saved...is a dollar in [the employer's] pocket.' In *Murphy*, defendant MetLife served as both the administrator and insurer of the plan. Conceivably, MetLife's profits and losses are impacted by the payment or denial of claims. Plaintiff claims a dual-role conflict of interest exists in this case because employees and officers of Kellogg Company also administer the plan. However, Defendant has presented evidence that the plan contains a nonreversion clause. Defendant directs the Court to the administrative record and cites a portion of the plan, which states no funds may 'revert to [Kellogg] or be used for or diverted to purposes other than the exclusive benefit of participants and beneficiaries....'

*Jarmeko*, 2011 WL 42881 at *3 (quoting *Glenn*, 554 U.S. at 112). In *Hurley*, assuming a dual-role conflict, the Court held that "plaintiffs have failed to carry their burden of persuading the court that such discovery is either necessary or proper under the circumstances. *Hurley*, at *3 citing *Murphy*, 619 F.3d at 1163. *c.f. Tillotson v. Life Insurance Company of North America*, 2011 WL 285815 (D. Utah 2011) (analysis of *Murphy* does not apply to situation where third-party administers employer's self-funded welfare benefit plan, and discovery was denied); *Kimber v. Thiolkol Corporation*, 196 F.3d 1092, 1098 (10th Cir. 1999) ("...the mere fact that the plan administrator was a Thiokol employee is not enough *per se* to demonstrate a conflict) (citations omitted).

Similar to the *Woolsey* and *Jaremko* opinions, the plan in this matter contains a nonreversion clause. It states:

> Except as provided elsewhere in this Plan or as permitted by applicable law, no amendment will (a) cause Plan assets to revert to the Company or to be used for purposes other than the

> exclusive benefit of Participants and Beneficiaries and payment of reasonable expenses, (b) deprive any Participant of a benefit already accrued including a benefit protected under Code Section 411(d)(6), or (c) change the duties or liabilities of a Trustee without written consent of the Trustee.

[Doc. 20-2, Article XV.]  In addition, the pension plan holds assets in a "qualified pension trust."

[Doc. 20 at 8.] Defendant asserts and Plaintiffs have not disputed that this trust is governed by Internal Revenue Code, 26 U.S.C. § 401(a) which states:

> The assets of such a trust may be used only 'for the exclusive benefit of [the] employees or their beneficiaries,' and the trust will not be qualified unless 'under the trust instrument it is impossible, at any time prior to the satisfaction of all liabilities with respect to employees and their beneficiaries under the trust, for any part of the corpus or income to be...used for, or diverted to purposes other than for the exclusive benefit of [the] employees or their beneficiaries....

*See also* 29 U.S.C. § 1103(a), (b), (assets of insurance companies need not be held in trust under ERISA).

Plaintiffs have not shown that Defendant would profit from the denial of an increase in Plaintiffs' pension benefits.  Under the terms of the Plan, any benefit from the denial of an increase in Plaintiffs' pension would inure beneficiaries of the Plan, not the Defendant.  Plaintiffs have failed to carry their burden of persuading the court that discovery is proper in this matter.  *Murphy*, 619 F.3d at 1163.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Permit Limited Discovery [Doc. 18] is denied.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**