FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

12 JUL -9 PM 4: 16

CLERK-LAS CRUCES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES A. ARAGON et al., )
)
    Plaintiffs, )
)
vs. ) No. 11-CV-00147 RB/ACT
)
SANDIA CORPORATION PENSION )
SECURITY PLAN, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion to Extend Briefing Deadlines and to Dismiss Action Without Prejudice (Doc. 38), filed February 17, 2012, and Plaintiffs' Motion to Allow Limited Appearance (Doc. 40), filed March 5, 2012. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, the Court **grants in part and denies as moot in part** Plaintiffs' Motion to Extend Briefing Deadlines and to Dismiss Action Without Prejudice, and **denies as moot** Plaintiffs' Motion to Allow Limited Appearance.

**I.   Background**

Plaintiffs filed this case on February 14, 2011 seeking clarification and enforcement of the pension benefits owed to them under their employer's retirement plan pursuant to 29 U.S.C. § 1132(a)(1)(B). The Plaintiffs have all worked for their employer, Sandia Corporation, at some point as "non-regular recurrent security inspectors" and later as "regular security inspectors." Under Sandia's retirement plan, employees are entitled to have their pension credited for time worked as a "regular employee." The Defendant contends that because the Plaintiffs were once

classified as "non-regular" security inspectors, the Plaintiffs are not entitled to have their pension credited for time worked during this period. The Plaintiffs contend that under the language of the Summary Plan Description, a document required by ERISA that explains the retirement plan in plain language, they are entitled to have their pension credited even for time worked as "non-regular" security inspectors. The Plaintiffs sought review of their benefits through Sandia's Employee Benefits Committee and then appealed the Benefits Committee's decision to the Employee Benefits Claim Review Committee. Plaintiffs' claims were denied by both committees. After exhausting Sandia's in-house administrative review procedures, Plaintiffs brought the present suit naming their employer's retirement plan as the Defendant.

On February 17, 2011, while the action was pending, Plaintiffs filed a Motion to Dismiss Without Prejudice. (Doc. 38). The Plaintiffs offer two justifications for their motion to dismiss: (1) their union has approved no further funding for the litigation; and (2) as a result of collective bargaining between the Plaintiffs' labor union and Sandia, the Plaintiffs' current retirement plan will merge with a different plan, changing Plaintiffs' potential rights with regard to pension benefits. The Court finds that Plaintiffs' motion is well taken and will be granted.

## II.   Discussion

Because the Defendant has filed an answer and there has been no agreement by the parties allowing the Plaintiffs to dismiss their claims, Federal Rule of Civil Procedure 41(a)(2) mandates that Plaintiffs may dismiss their claims "only by court order, on terms that the court considers proper." The purpose of the rule is to prevent "voluntary dismissals which unfairly affect the other side." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996). However, in order to ensure justice to both parties, the court should "consider the equities not only facing the defendant, but also those facing the plaintiff." *Ohlander v. Larson*, 114 F.3d

1531, 1537 (10th Cir. 1997).

The Court should typically grant dismissal without prejudice where no "legal prejudice" will result to the defendant. *Ohlander,* 114 F.3d at 1537. Legal prejudice does not arise solely because the plaintiff might file a second action. *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.,* 931 F.2d 1411, 1412 (10th Cir. 1991). Relevant factors for determining legal prejudice include: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Ohlander,* 114 F.3d at 1537. These factors are non-exclusive and any other relevant factors may be considered. *Id.* "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper," thus the Court has broad discretion to decide when to allow dismissal. *Id.*

All four factors weigh in favor of dismissal without prejudice. First, the Defendant has failed to show that it has devoted effort and expense too great to justify dismissal without prejudice. Plaintiff's Motion to Permit Limited Discovery was denied. (Doc. 23). Despite the denial of discovery, the Defendant contends that administering review and appellate procedures and producing records from those procedures required significant cost and effort. The Defendant cites no authority, and the Court finds none, supporting the Defendant's assertion that such administrative costs should be considered an expense incurred in preparation for trial. These administrative costs would have been incurred by Sandia Corporation regardless of whether the Plaintiffs brought the present action. Excluding administrative costs and efforts, the production of records from the administrative proceedings and briefing on various motions constitute the bulk of the Defendant's expenses. While these actions no doubt required a significant outlay of

effort and expense, they are not substantial enough to weigh against dismissal without prejudice.

Second, the Plaintiffs have not displayed a lack of diligence in filing their motion to dismiss. Citing no authority, the Defendant again contends that its in-house administrative procedures should be incorporated into the Court's analysis. Excluding the Defendant's in-house administrative procedures once again, the present litigation had been pending for just over one year before Plaintiffs filed their motion to dismiss. Dismissal without prejudice where litigation has been pending for a year at the time of filing for dismissal is in line with Tenth Circuit precedent. *See Ohlander*, 114 F.3d at 1538 (Despite the late stage of litigation, the plaintiff's motion to dismiss was granted where "the most persuasive reason to file a motion to dismiss did not arise until eleven months following the initial proceeding's initiation."). The events giving rise to the Plaintiffs' motion to dismiss did not occur until shortly before they filed the motion. The Plaintiffs' need for dismissal was precipitated by a change in their retirement plan due to collective bargaining between the Plaintiffs' labor union and Sandia. The agreement to merge the Plaintiffs' former retirement plan with a different plan, under which the vast majority of the Plaintiffs will be retiring, was not entered into until November 11, 2011. On February 17, 2012, Plaintiffs filed their motion to dismiss. A period of three months between the time the need to file a motion to dismiss arises and the actual filing does not suggest a dilatory purpose on the part of the Plaintiffs.

Because the merger of the Plaintiffs' former retirement plan with a new plan substantially affects their underlying claim, Plaintiffs have offered a sufficient explanation for requesting dismissal. The Plaintiffs should not be forced to see the present litigation through only to have the future benefits owed to them remain murky. Clarification of future benefits owed to the Plaintiffs was the driving force behind the present suit. Due to the merger, resolution of the

present dispute will not serve to clarify the amount owed to the Plaintiffs under the new plan. Additionally, Plaintiffs contend that their union has denied further funding for the litigation. Taken alone, a lack of funding may be an insufficient justification for dismissal. However, when coupled with the merger of the retirement plans, Plaintiffs' explanation for dismissal is sufficient. *Cf. Phillips USA*, 77 F.3d at 358 (explanation for dismissal was found insufficient where plaintiff cited only "numerous business, financial and personal issues facing [the plaintiff's CEO].") (internal quotations omitted).

The current stage of litigation does not weigh against granting dismissal without prejudice. Because dismissal may be sought by a plaintiff solely to avoid an adverse disposition on a dispositive motion, dismissal without prejudice at an advanced stage of litigation is generally disfavored. *See Phillips USA,* 77 F.3d at 358. However, such concerns are not present here. Arguments on the merits have not yet begun and no discovery has taken place. Therefore, no new information has come to light that suggests the Plaintiffs, as the Defendant contends, have come to "realize how weak their claims are." (Doc. 39, p. 11). Furthermore, there are no dispositive motions pending that Plaintiffs might seek to avoid.

Finally, the Defendant suggests that the policy of efficiently resolving claims under ERISA makes dismissal without prejudice improper. In light of the resolution of the above factors in favor of the Plaintiffs, the policy of efficient claim resolution underlying ERISA does not tip the scales toward a denial of the Plaintiffs' motion. Considering the factors articulated by the Tenth Circuit and the equities facing both parties, the Court concludes that Plaintiffs' Motion to Dismiss Without Prejudice should be granted. Plaintiffs' Motion to Extend Briefing Deadlines and Motion to Allow Limited Appearance are denied as moot.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Extend Briefing Deadlines and to Dismiss Action Without Prejudice (doc. 38) is granted in part and denied as moot in part;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Allow Limited Appearance (doc. 40) is denied as moot;

**IT IS FURTHER ORDERED** that the Plaintiffs' claims against Defendant Sandia Corporation Security Plan are dismissed without prejudice. A final order will be entered consistent with this judgment.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**