IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHARLES A. ARAGON, et al.,**

    **Plaintiffs,**

**vs.**                                                             **No. CIV 11-0147 RB/ACT**

**SANDIA CORPORATION PENSION**
**SECURITY PLAN,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Alter or Amend Judgment (Doc. 52). The Court's jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel and the relevant law, the Court denies this motion.

Defendant requests that the Court revisit its ruling and impose remedial conditions that the Plan requested. Plaintiffs oppose the motion as a "second bite at the apple." (Doc. 53). Defendant relies on Federal Rule of Civil Procedure 59(e). In order to prevail on Rule 59 motion, the party must show either "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, a Rule 59(e) motion is not an opportunity to rehash arguments previously addressed or to advance new arguments that could have been raised previously. *Id.* The decision to grant a Rule 59(e) motion lies within the discretion of the district court. *Brown v. Presbyterian Healthcare Serv.*, 101 F.3d 1324, 1332 (10th Cir. 1996).

Defendant requested curative conditions in its response to Plaintiffs' motion to dismiss without prejudice. (Doc. 39). In its Memorandum Opinion and Order, the Court discussed the relevant factors set out in *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996), and determined that Defendant

would not be prejudiced by dismissal without prejudice. (Doc. 50). Contrary to Defendant's assumption, the Court did consider Defendant's requested curative conditions and implicitly determined that such conditions were unnecessary as Defendant was not prejudiced by dismissal without prejudice. *See Stewart v. Oklahoma*, 292 F.3d 1257, 1260 (10th Cir. 2002) (construing the district court's silence on the issue of Eleventh Amendment immunity as an implicit denial of the state's claim to immunity). Defendant offers no cogent reason why the Court should revisit its prior decision. Under these circumstances, the motion will be denied.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**